## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>COSTA HOLLYWOOD PROPERTY OWNER, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-22483-AJC |
| COSTA HOLLYWOOD PROPERTY OWNER, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GREENBERG TRAURIG, P.A., a Florida professional association, & STEWART TITLE GUARANTY COMPANY, a Texas corporation,<br><br>    Defendants. | Adv. Proc. No. 20-01129-AJC |

## DEFENDANT GREENBERG TRAURIG'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR TURNOVER, AND COUNTERCLAIM AND CROSSCLAIM FOR INTERPLEADER

Defendant Greenberg Traurig, P.A. ("**Greenberg Traurig**" or "**Defendant**"), by and through its undersigned counsel, hereby submits *Defendant's Answer and Affirmative Defenses to the Complaint for Turnover, and Counterclaim and Crossclaim for Interpleader* (the "**Answer and Request for Interpleader**") in response to the *Complaint for Turnover* [ECF No. 1] (the "**Complaint**") filed by Plaintiff, Costa Hollywood Property Owner, LLC ("**Plaintiff**" or "**Costa Hollywood**"), and respectfully states as follows:[1]

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given in the Complaint.

## INTRODUCTION

Greenberg Traurig is currently holding funds in escrow in connection with Indemnity Agreements entered into between Plaintiff and co-Defendant Stewart Title Guaranty Company ("**Stewart**").  A dispute has arisen between Plaintiff and Stewart regarding whether Greenberg Traurig should continue to hold the funds in escrow or distribute the funds.  The dispute between Plaintiff and Stewart has exposed Greenberg Traurig to inconsistent and competing claims and demands.  Greenberg Traurig files this Answer and Request for Interpleader as a mere stakeholder, to preserve the funds while the parties address, and the Court resolves, the contractual and other issues underlying the parties' competing and conflicting claims and demands.

## I.    ANSWER TO COMPLAINT

### JURISDICTION AND VENUE

1.    The allegations contained in paragraph 1 of the Complaint contain legal conclusions to which no response is required, and such allegations are, therefore, denied.

2.    The allegations contained in paragraph 2 of the Complaint contain legal conclusions to which no response is required, and such allegations are, therefore, denied.

3.    The allegations contained in paragraph 3 of the Complaint contain legal conclusions to which no response is required, and such allegations are, therefore, denied.

4.    The allegations contained in paragraph 4 of the Complaint contain legal conclusions to which no response is required, and such allegations are, therefore, denied.

5.    The allegations contained in paragraph 5 of the Complaint contain legal conclusions to which no response is required, and such allegations are, therefore, denied.

### PARTIES

6.    The allegations contained in paragraph 6 of the Complaint are admitted.

7.      The allegations contained in paragraph 7 of the Complaint are admitted.

8.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and such allegations are, therefore, denied.

9.      Paragraph 9 of the Complaint purports to be a reservation of rights to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10.      The allegations contained in paragraph 10 of the Complaint are admitted.

11.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and such allegations are, therefore, denied.

12.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and such allegations are, therefore, denied.

13.      The allegations contained in paragraph 13 of the Complaint are admitted in part and denied in part.  Defendant admits that Plaintiff and Stewart entered into two indemnity agreements. Defendant denies Plaintiff's description of the Indemnity Agreements attached as Exhibits A and B to the Complaint because the Indemnity Agreements are the best evidence of their contents.

14.      The allegations contained in paragraph 14 of the Complaint are admitted in part and denied in part.  Defendant admits that it is holding funds in escrow subject to the Indemnity Agreements.  Defendant denies Plaintiff's remaining allegations in paragraph 14 of the Complaint because the Indemnity Agreements are the best evidence of their contents.

15.    The allegations contained in paragraph 15 of the Complaint are denied because the Indemnity Agreements are the best evidence of their contents.  Defendant further denies the allegations contained in paragraph 15 of the Complaint, to the extent Plaintiff mischaracterizes the contents of the Indemnity Agreement.

16.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and such allegations are, therefore, denied.

17.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and such allegations are, therefore, denied.  Defendant further denies the Plaintiff's characterization of the Plan because the Plan is the best evidence of its contents.

18.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and such allegations are, therefore, denied.

19.    The allegations in paragraph 19 are denied.

20.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint and such allegations are, therefore, denied.

21.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint and such allegations are, therefore, denied.

22.    Defendant admits that it has been subject to conflicting demands from both Plaintiff and Steward regarding the escrowed funds, and otherwise denies the allegations in paragraph 22.

23.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint and such allegations are, therefore, denied.

## COUNT I
### Declaratory Judgment – 28 U.S.C. § 2201, Fla. Stat. Ch. 86

24.      Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 23 of the Complaint as if fully rewritten herein.

25.      The allegations in paragraph 25 of the Complaint are conclusory legal allegations to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.      The allegations in paragraph 26 of the Complaint are conclusory legal allegations to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.      The allegations in paragraph 27 of the Complaint are conclusory legal allegations to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

The "WHEREFORE" clause, including sub-paragraphs (i) to (v) thereof, constitutes a prayer for relief and contains no factual averments to which a response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought therein.

## COUNT II
### Turnover — 11 U.S.C. § 542

28.      Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 23 of the Complaint as if fully rewritten herein.

29.     The allegations in paragraph 29 of the Complaint are conclusory legal allegations to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     The allegations in paragraph 30 of the Complaint are conclusory legal allegations to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     The allegations in paragraph 31 of the Complaint are conclusory legal allegations to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     The allegations contained in paragraph 32 of the Complaint constitute legal conclusions pursuant to section 542 of the Bankruptcy Code to which no response is required and such allegations are, therefore, denied.

The "WHEREFORE" clause, including sub-paragraphs (i) to (ii) thereof, constitutes a prayer for relief and contains no factual averments to which a response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought therein.

## II.    **AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     The claims set forth in Plaintiff's Complaint are barred by the doctrine of estoppel.

3.     The claims set forth in Plaintiff's Complaint are barred by the doctrine of laches.

4.     The claims set forth in Plaintiff's Complaint are barred by the doctrine of statute of limitations.

5.     The claims set forth in Plaintiff's Complaint are barred by the doctrine of waiver.

6.      Defendant's investigation into the claims set forth by Plaintiff are continuing.  As such, Defendant reserves the right to supplement or amend its Affirmative Defenses up through, and including, the time of trial.

## III.    COUNTERCLAIM AND CROSSCLAIM FOR INTERPLEADER

Defendant Greenberg Traurig, pursuant to Rule 22 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7022 of the Federal Rules of Bankruptcy Procedure, states as follows for its Counterclaim and Crossclaim for Interpleader against Plaintiff and Crossclaim Defendant Stewart Title Guaranty Company ("**Stewart**"):

## PARTIES

1.      Plaintiff and Stewart are the same parties as in Plaintiff's Complaint, and the claims raised herein arise out of the same transaction or occurrence that is the subject matter of Plaintiff's Complaint.

2.      Upon information and belief, Plaintiff is a Delaware limited liability company authorized to do business in Florida which developed a condominium hotel project commonly known as "Costa Hollywood Beach Resort" located at 777 North Ocean Drive, in Hollywood, Florida.

3.      Upon information and belief, Stewart is a Texas corporation with a principal place of business at 1980 Post Oak Boulevard, Suite 800, Houston, Texas 77056, and which is authorized to and is conducting business in Broward County, Florida.

## FACTUAL BACKGROUND

4.      Greenberg Traurig holds funds (the "**Disputed Funds**") in the aggregate amount of $1,425,139.55 in escrow in connection with the Indemnity Agreements (as defined in the Complaint).  Greenberg Traurig is an innocent stakeholder and claims no title to or interest in the

7

Disputed Funds, and has no independent liability to Plaintiff or Stewart.

5.     Before the Petition Date, Plaintiff and Stewart entered into the Indemnity Agreements, pursuant to which the Disputed Funds were escrowed from sale proceeds to address certain identified risks. Placing the Disputed Funds in escrow was a necessary lynchpin to closing the sale of certain real property, considering certain construction lien risks that existed at the time.

6.     In recent months, Greenberg Traurig has been subjected to competing claims and demands with respect to the Disputed Funds.

7.     On August 21, 2019, Stewart instructed Greenberg Traurig to continue to hold the Disputed Funds in escrow. *See* Email dated August 21, 2019, Ex. A.

8.     On October 15, 2019, Plaintiff, through counsel, requested that Greenberg Traurig distribute the funds to the Plaintiff, asserting that the Disputed Funds are property of the Debtor's estate that need to be turned over immediately. *See* Email dated October 15, 2019, Ex. B.

9.     On December 10, 2019, Plaintiff, through counsel, again demanded that Greenberg Traurig release the Disputed Funds to the Plaintiff, contending that the conditions to release the funds have been satisfied. *See* Email dated December 10, 2019, Ex. C. Shortly thereafter, Stewart responded, explaining that Stewart was still facing exposure to certain risks. *See* Email dated December 11, 2019, Ex. D.

10.     On April 8, 2020, Stewart requested that Greenberg Traurig release certain amounts of the Disputed Funds to reimburse Stewart for legal costs incurred in connection with litigating matters related to the identified risks set forth in the Indemnity Agreements. *See* Email dated April 8, 2020, Ex. E.

11.     On April 10, 2020, Plaintiff filed the Complaint, asserting that (i) Greenberg Traurig has refused to turn over the Disputed Funds to Plaintiff, and (ii) Plaintiff is entitled to

possession of the Disputed Funds under Section 542 of the Bankruptcy Code.  Greenberg Traurig understands that Stewart disagrees with Plaintiff's position, and Stewart has demanded that Greenberg Traurig refrain from distributing the Disputed Funds to Plaintiff.

12.    Based on the foregoing conflicting and irreconcilable claims asserted by Plaintiff and Stewart, Greenberg Traurig has been exposed to multiple liability due to the competing claims over the Disputed Funds.  Greenberg Traurig may also be exposed to future liability due to the same competing claims on the Disputed Funds in the future.

13.    Greenberg Traurig makes no claim to the Disputed Funds.  Due to the conflicting claims by Plaintiff and Stewart, Greenberg Traurig faces doubt and danger if it takes or refrains from taking any action related to the Disputed Funds absent an order from this Court judicially determining the rights of Plaintiff and Stewart to the Disputed Funds.

**COUNT I**
**RULE INTERPLEADER PURSUANT TO RULE OF CIVIL PROCEDURE 22, AS MADE APPLICABLE BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7022**

14.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

15.    Greenberg Traurig has been presented with conflicting claims and demands from Plaintiff and Stewart regarding the Disputed Funds.

16.    The competing claims of Plaintiff and Stewart expose Greenberg Traurig to risk of potential double or multiple liabilities.

17.    Greenberg Traurig is unable to retain or make any distributions of the Disputed Funds to any party, including the Plaintiff and Stewart, without this Court's determination of the parties' respective interests in the Disputed Funds.

18.    Greenberg Traurig is willing to deposit the Disputed Funds in the Court's Registry, or with a party authorized by the Court, to preserve the Disputed Funds pending a determination

by the Court of the parties' respective rights to the Disputed Funds.

**WHEREFORE**, Greenberg Traurig respectfully requests that the Court enter an Order:

i.      Authorizing Greenberg Traurig to turn over control of the Disputed Funds to this Court, or to a person duly authorized by the Court to receive the Disputed Funds, to satisfy the outstanding claims and preserve the Disputed Funds pending a determination by the Court of the parties' respective rights to the Disputed Funds;

ii.      Restraining Plaintiff, Stewart, and any other interested parties from instituting or prosecuting any claims or proceedings in any court or tribunal against Greenberg Traurig to recover the Disputed Funds;

iii.      Releasing and discharging Greenberg Traurig from any and all claims and liability relating to the Disputed Funds or any right to, or interest in, the Disputed Funds;

iv.      Awarding Greenberg Traurig payment of its reasonable attorney's fees and costs necessitated by the bringing of this action; and

v.      Granting Greenberg Traurig such further relief as the Court deems just and proper.

Dated:  May 13, 2020                              Respectfully submitted,

                                                 GREENBERG TRAURIG, P.A.

                                 By: _/s/ John B. Hutton_____
                                                 John B. Hutton (Fla. Bar No. 902160)
                                                 Reginald Sainvil (Fla. Bar No. 1008135)
                                                 333 S.E. 2nd Avenue, Suite 4400
                                                 Miami, Florida 33131
                                                 Telephone: 305-579-0500
                                                 Facsimile:  305-579-0717
                                                 Email:  huttonj@gtlaw.com
                                                 Email:  sainvilr@gtlaw.com

                                                 *Counsel for Greenberg Traurig, P.A.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ John B. Hutton
John B. Hutton

**Electronic Notice**

James C. Moon    jmoon@melandrussin.com, ltannenbaum@melandrussin.com;
mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;
phornia@ecf.courtdrive.com

**Manual Notice**

**Stewart Title Guaranty Company**
Attn:  Legal Department
3402 West Cypress St.
Tampa, FL 33607

**Exhibit A**

Email dated August 21, 2019

(Attached)

**From:** Lisa Delvecchio <Lisa.Delvecchio@stewart.com>
**Sent:** Wednesday, August 21, 2019 11:02 AM
**To:** Sharpe, Andrew C. (Assoc-Mia-RE) <sharpea@gtlaw.com>
**Cc:** Greg Hall <GHall@stewart.com>
**Subject:** RE: Costa

**\*EXTERNAL OF GT\***

Not at this time. Until the case is completely resolved we will need to continue to hold the funds. We are still in the case and defending our insureds.

**Lisa S. Delvecchio, Esquire**
Associate Senior Underwriting Counsel
Stewart Title Guaranty Company
3402 West Cypress Street
Tampa, FL 33607
O (813) 466-3844 | F (813) 315-6803
stewart.com | Lisa.Delvecchio@stewart.com

**stewart**
*Real partners. Real possibilities.*™

NYSE: STC

**From:** sharpea@gtlaw.com
**Sent:** Tuesday, August 20, 2019 5:41 PM
**To:** Lisa Delvecchio
**Subject:** [External] Costa

The developer wants to know if any portion of the escrow can be released in light of the recent court order denying the appeal.

Thanks,

**Andrew C. Sharpe**
Associate

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Miami, FL 33131
T +1 305.579.0581
sharpea@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT** GreenbergTraurig

**Exhibit B**

<u>Email dated October 15, 2019</u>

(Attached)

**From:** James C. Moon <jmoon@melandrussin.com>
**Sent:** Tuesday, October 15, 2019 11:15 AM
**To:** Jairo Romero <jairo@costahollywood.com>; Andrew Sharpe (sharpea@gtlaw.com) <sharpea@gtlaw.com>
**Cc:** Peter Russin <prussin@melandrussin.com>; Meaghan Murphy <mmurphy@melandrussin.com>; Lisa Tannenbaum <ltannenbaum@melandrussin.com>
**Subject:** RE: Costa Hollywood Title Holdback Funds

Nice to meet you Andrew.

Please give me a call when you have a moment to discuss. Also, if you have an escrow agreement that describes the conditions pursuant to which the funds have been held, I would appreciate your sending all relevant documents along.

It seems to me that the funds in escrow are estate property and need to be turned over ASAP. I look forward to discussing with you though.

Warm regards,

Jim



JAMES MOON



Meland • Russin • Budwick

3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131

T: 305.358.6363
F: 305.358.1221
E: jmoon@melandrussin.com
W: www.melandrussin.com
Download VCard | View Bio


The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send and email to postmaster@melandrussin.com.

**From:** Jairo Romero <jairo@costahollywood.com>
**Sent:** Tuesday, October 15, 2019 11:09 AM
**To:** Andrew Sharpe (sharpea@gtlaw.com) <sharpea@gtlaw.com>; James C. Moon <jmoon@melandrussin.com>
**Subject:** Costa Hollywood Title Holdback Funds


**EXTERNAL EMAIL:**
Good morning Andrew,

Let me introduce you to Jim Moon from Meland Russin, who is helping us with the bankruptcy case. He has questions about the holdback moneys. Please help him with this issue.

Thanks,




Jairo Romero
Lic. Real Estate Broker


If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**Exhibit C**

<u>Email dated December 10, 2019</u>

(Attached)

**From:** James C. Moon [mailto:jmoon@melandrussin.com]
**Sent:** Tuesday, December 10, 2019 10:17 AM
**To:** Jairo Romero <jairo@costahollywood.com>; Sharpe, Andrew C. (Assoc-Mia-RE) <sharpea@gtlaw.com>
**Cc:** Peter Russin <prussin@melandrussin.com>; Meaghan Murphy <mmurphy@melandrussin.com>; Lisa Tannenbaum <ltannenbaum@melandrussin.com>; Jerry Feuerstein <jfeuerstein@kandfllp.com>; Paul Battista (pbattista@gjb-law.com) <pbattista@gjb-law.com>
**Subject:** RE: Costa Hollywood Title Holdback Funds
**Importance:** High

**\*EXTERNAL TO GT\***

Andrew,

Greetings.

Reaching out again to see if we can resolve the issue of turnover of the funds Greenberg Traurig is holding that needs to be turned over to the Debtor Costa Hollywood Property Owner, LLC.

By way of a refresher, I understand there is no written escrow agreement detailing how and why Stewart Title required funds to be held by Greenberg Traurig.

However, I am aware there are a couple of indemnity agreement related to (1) The Alexei Burya Litigation and (2) the Design Engineering Litigation. See the attached. I believe these form the authority for the escrow of funds, but if I am incorrect, please forward whatever documents may be relevant to the escrowed funds.

Note that pursuant to the terms of the Agreements, the condition to release the funds are set forth in section G of both agreements:

G.  Upon dismissal of Case No. CACE-18-011130 with prejudice or the expiration of any applicable appellate period any sums held by the Company will be release to Costa Hollywood Property Owner LLC.

G.  Upon dismissal of Case No. CACE-16-005451(3) with prejudice any sums held by the Company will be release to Costa Hollywood Property Owner LLC.

With respect to the Burya case, there are no appeals and case is closed as I understand it.

With respect to the Design Engineering case, there are no appeals in that case and the case is stayed as to the Debtor.

Please contact me ASAP regarding this matter, as I would prefer to resolve this cooperatively rather than resort to a Motion to Turnover.

Regards,

Jim

1

JAMES MOON



Meland • Russin • Budwick

3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131

T: 305.358.6363
F: 305.358.1221
E: jmoon@melandrussin.com
W: www.melandrussin.com
Download VCard | View Bio

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send and email to postmaster@melandrussin.com.

**Exhibit D**

Email dated December 11, 2019

(Attached)

**From:** Greg Hall <GHall@stewart.com>
**Sent:** Wednesday, December 11, 2019 4:18 PM
**To:** jmoon@melandrussin.com
**Cc:** Lisa Delvecchio <Lisa.Delvecchio@stewart.com>; Sharpe, Andrew C. (Assoc-Mia-RE) <sharpea@gtlaw.com>; Mark Johnson <Mark.Johnson@stewart.com>
**Subject:** RE: Costa Hollywood Title Holdback Funds

Dear Mr. Moon:

Thank you for your email, below, in which you pointed out that with respect to the Design Engineering case, there are no appeals and the case is stayed as to the Debtor. My understanding of the language as set forth in the Design Engineering indemnification agreement is that a condition to release of the funds is dismissal of Case Number CAC-16-005451 (03), with prejudice. Let me know if you disagree.

With respect to the Burya matter, Stewart Title Guaranty Company has expended approximately $20,000 in attorneys' fees in dealing with that litigation and that will need to be reimbursed from those escrowed funds. Additionally, Costa Investors has a pending Motion to Vacate Prior Orders Striking Lis Pendens, Affidavit and for Sanctions filed on May 29, 2019 in Case Number CAC-18-011130, which is stayed by the bankruptcy. If Costa Investors succeeds in vacating the LP and Burya affidavit, this will expose Stewart Title Guaranty Company to the Burya affidavit risk and will require expenditure of additional attorneys' fees to deal with it.

Perhaps we could talk about these matters later in the week or next week, when convenient for you.

Regards,
Greg

**Gregory T. Hall**
Senior Claims Counsel
Legal Department

**Stewart Title Guaranty Company**
3402 West Cypress St.
Tampa, FL 33607
O (813) 876-0619 | F (813) 769-2712
email: ghall@stewart.com



*Real partners. Real possibilities.*™

NYSE: STC

**Exhibit E**

<u>Email dated April 8, 2020</u>

(Attached)

**From:** Greg Hall <GHall@stewart.com>
**Sent:** Wednesday, April 8, 2020 5:13 PM
**To:** Sharpe, Andrew C. (Shld-Mia-RE) <sharpea@gtlaw.com>
**Subject:** STEWART's REQUEST for reimbursement from Costa Hollywood Title Holdback Funds 303556

**\*EXTERNAL TO GT\***

Dear Mr. Sharpe:

There have been several title claims submitted to Stewart Title Guaranty Company ("**STGC**") involving litigation filed against various STGC's insureds who purchased condominium units or provided financing for the purchases.  These insureds had received STGC title insurance policies.   The title claims arose out of the "Identified Risk" as defined in the 2 attached STG Indemnity Agreements.

STGC understands that, pursuant to the STGC Indemnity Agreements, escrow funds were held back and are presently being held by Greenberg Traurig in an escrow account for the purpose of protecting and reimbursing STGC for any losses to STGC arising from the "Identified Risk".

Upon receipt of the title claims from these insureds, STGC retained Awerbach & Cohn, P.A. as counsel on behalf of the insureds and paid attorneys' fees to such retained counsel for their representation of the insureds.  This will notify you that STGC has paid attorneys' fees to date in the total amount of $18,864.63 to Awerbach & Cohn, P.A. for the purpose of protecting the insureds with respect to the "Identified Risk" and we request reimbursement of that amount. I have attached paid attorneys' fees invoices in support of this request.

Please advise if there is anything else that you need in order to disburse the requested funds.

Regards,
Greg


**Gregory T. Hall**
Senior Claims Counsel
Legal Department

**Stewart Title Guaranty Company**
3402 West Cypress St.
Tampa, FL   33607
O (813) 876-0619 | F (813) 769-2712
email:  ghall@stewart.com



*Real partners. Real possibilities.*™

NYSE: STC

1